# JUDGE BUCHWALD

GIBNEY, ANTHONY & FLAHERTY, LLP
John Macaluso (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
E-mail: jmacaluso@gibney.com

OF COUNSEL:
Stephen M. Gaffigan
STEPHEN GAFFIGAN, P.A.
312 Southeast 17th Street, 2nd Floor
Ft. Lauderdale, FL 33316
Telephone: (954) 767-4819
Facsimile: (954)767-4821
E-mail: stephen@smgpa.net

Attorneys for Plaintiff
CHANEL, INC.



07 CV 4858

THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>      Plaintiff,<br><br>v.<br><br>LINDA ALLEN a/k/a LINDA ROONEY a/k/a<br>COURTNEY ALLEN, d/b/a EUROPEAN<br>BEAUTY FASHIONS d/b/a<br>EUROPEANBEAUTYFASHIONS.COM d/b/a<br>MY CLASSY FASHION d/b/a<br>MYCLASSYFASHION.COM d/b/a<br>ULTIMATEDESIGNERSHANDBAGS.COM<br>d/b/a ULTIMATE DESIGNER HANDBAGS<br>and DOES 1-10,<br><br>      Defendants | CASE NO.<br><br>**COMPLAINT FOR DAMAGES<br>AND INJUNCTIVE RELIEF** |

Plaintiff, CHANEL, INC., a New York corporation ("Chanel") hereby sues Defendants, LINDA ALLEN a/k/a LINDA ROONEY a/k/a COURTNEY ALLEN ("Allen"), d/b/a

1

EUROPEAN BEAUTY FASHIONS d/b/a EUROPEANBEAUTYFASHIONS.COM d/b/a MYCLASSYFASHION.COM d/b/a MY CLASSY FASHION d/b/a ULTIMATEDESIGNERSHANDBAGS.COM d/b/a ULTIMATE DESIGNER HANDBAGS and DOES 1-10 (collectively "Defendants") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action pursuant to 15 U.S.C. §§ 1114, 1116, 1121, and 1125. Accordingly, this Court has jurisdiction under 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court pursuant 28 U.S.C. § 1391 since the named Defendant conducts substantial business activities within this District through the use of her fully-interactive websites "EuropeanBeautyFashion.com," "MyClassyFashion.com," and "UltimateDesignersHandbags.com."

## THE PARTIES

2. Chanel is a corporation duly organized under the laws of the State of New York with its principal place of business in the United States located at 9 West 57th Street, New York, New York 10019. Chanel is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this Judicial District, high quality handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses under the federally registered trademarks CHANEL and CC MONOGRAM (collectively the "Chanel Marks.")

3. Allen is an individual, who upon information and belief, resides at 342 Cold Spring Road, Syosset, New York 11791. Allen uses at least the names "European Beauty Fashions," "EuropeanBeautyFashions.com," "My Classy Fashion," "MyClassyFashion.com," "Ultimate Designer Handbags," and "UltimateDesignersHandbags.com" as aliases to operate her business.

4. Upon information and belief, Allen is directly and personally engaging in the advertisement, promotion and sale of counterfeit and infringing products within this District as alleged herein.

5. Defendant Does 1 through 5 are, upon information and belief, individuals who reside and/or conduct substantial business within this Judicial District. Further, Does 1 through 5 are directly and personally contributing, inducing and engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant. Chanel is presently unaware of the true names of Does 1 through 5. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

6. Defendant Does 6 through 10 are business entities which, upon information and belief, reside and/or conduct business within this Judicial District. Moreover, Does 6 though 10 are, upon information and belief, directly engaging in the sale of counterfeit products as alleged herein as partners or suppliers to the named Defendant. Chanel is presently unaware of the true names of Does 6 through 10. Chanel will amend this Complaint upon discovery of the identities of such fictitious Defendants.

## COMMON FACTUAL ALLEGATIONS

7. Chanel is the owner of the following trademarks which are protected by the following United States Federal Trademark Registrations:

| Mark | Reg. No. | Reg. Date |
| --- | --- | --- |
| CHANEL | 0,626,035 | May 1, 1956 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |

3

| | | |
|---|---|---|
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CHANEL | 1,510,757 | November 1, 1988 |
| CC MONOGRAM | 1,654,252 | August 20, 1991 |
| CC MONOGRAM | 3,025,936 | December 13, 2005 |
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |

The Chanel Marks are registered in International Classes 6, 9, 14, 18, and 28 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses. Correct and true copies of these federal trademark registrations (herein collectively referred to as the "Chanel Marks") are attached as **Exhibit 1**.

8.  The Chanel Marks have been used in interstate commerce to identify and distinguish Chanel's high quality handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses, and other products for an extended period of time.

9.  The Chanel Marks have never been assigned or licensed to any of the Defendants in this matter.

10.  The Chanel Marks are symbols of Chanel's quality, reputation and goodwill and have never been abandoned.

11. Further, Chanel has expended substantial time, money and other resources developing, advertising and otherwise promoting the Chanel Marks. The Chanel Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

12. Chanel has extensively used, advertised, and promoted the Chanel Marks in the United States in association with the sale of high quality handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses, and other goods and has carefully monitored and policed the use of the Chanel Marks.

13. As a result of the Chanel's efforts, members of the consuming public readily identify merchandise bearing the Chanel Marks as being high quality merchandise sponsored and approved by Chanel.

14. Accordingly, the Chanel Marks have achieved secondary meaning as identifiers of high quality handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses.

15. Upon information and belief, at all times relevant hereto, the Defendants in this action had full knowledge of Chanel's ownership of the Chanel Marks, including its exclusive right to use and license the Chanel Marks and the goodwill associated therewith.

16. Chanel has discovered Defendants are promoting and otherwise advertising, distributing, selling and/or offering for sale counterfeit products, including at least handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses bearing trademarks which are exact copies of the Chanel Marks (the "Counterfeit Goods.") Specifically, upon information and belief, Defendants are using the Chanel Marks in the same stylized fashion, for different and inferior quality goods.

17. On December 30, 2005, Chanel wrote to Linda Allen d/b/a EuropeanBeautyFashions.com, d/b/a UltimateDesignersHandbags.com at 324 Cold Spring Road, Syosset, New York, 11791, informing Defendants of the illegality and potential penalties for the sale of goods bearing counterfeits of the Chanel Mark through Defendants' websites. A copy of this correspondence is attached as **Exhibit 2**.

18. On January 9, 2006, Defendant Allen faxed a response to Chanel's December 30, 2005 letter stating that she has removed "…all traces of Chanel products…" from the websites. A copy of this correspondence is attached as **Exhibit 3.**

19. Upon information and belief, Defendants are still offering for sale goods bearing counterfeits of the Chanel Mark on their websites.

20. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially different to that of Chanel's genuine goods. Despite the nature of their Counterfeit Goods and the knowledge they are without authority to do so, Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge that such goods will be mistaken for the genuine high quality products offered for sale by Chanel. The net effect of Defendants' actions will be to result in the confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from and approved by Chanel.

21. Upon information and belief, Courtney Allen is the registrant of the domain name www.ultimatedesignerhandbags.com and is also listed as the principal on the NY State Business filing for Ultimate Designer Handbags.

22. Upon information and belief, Courtney Allen is also the individual who filed the business name European Beauty Fashions with the State of New York in 2004.

23. Upon information and belief, Linda Allen is the registrant of the domain name www.europeanbeautyfashions.com.

24. Upon information and belief, Defendants, import and/or manufacture their Counterfeit Goods and advertise those goods for sale to the consuming public. In so advertising these products, Defendants use the Chanel Marks. Indeed, Defendants herein, upon information and belief, misappropriated Chanel's advertising ideas and entire style of doing business with regard to the advertisement and sale of Chanel's genuine products. Upon information and belief, the misappropriation of Chanel's advertising ideas in the form of the Chanel Marks has occurred, in part, in the course of Defendants' advertising activities and has been the proximate cause of damage to Chanel.

25. Upon information and belief, Defendants are conducting their counterfeiting and infringing activities at least within this Judicial District and elsewhere throughout the United States. Defendants' infringement and disparagement of Chanel's trademark rights do not simply amount to the wrong description of their goods or the failure of the goods to conform to the advertised quality or performance. As a result, Defendants are defrauding Chanel and the consuming public for Defendants' own benefit.

26. Defendants' use of the Chanel Marks, including the manufacture, importation, promotion, advertising, distribution, sale and/or offering for sale of their Counterfeit Goods, is without Chanel's consent or authorization.

27. Further, Defendants may be, upon information and belief, engaging in the above-described illegal counterfeiting and infringing activities knowing and intentionally or with reckless disregard or willful blindness to Chanel's rights, for the purpose of trading on the goodwill and reputation of Chanel. If Defendants' intentional counterfeiting and infringing activities are not

preliminarily and permanently enjoined by this Court, Chanel and the consuming public will continue to be damaged.

28. Defendants' above identified infringing activities are likely to cause confusion, deception and mistake in the minds of consumers, the public and the trade. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public and the trade into believing there is a connection or association between Chanel's genuine goods and Defendants' Counterfeit Goods.

29. Chanel has no adequate remedy at law.

30. Chanel is suffering irreparable injury and has suffered substantial damages as a result of Defendants' counterfeiting and infringing activities.

31. The injuries and damages sustained by Chanel are directly and proximately caused by Defendants' wrongful importation or manufacture, advertisement, promotion, distribution, sale and/or offering for sale of their Counterfeit Goods.

32. Chanel has retained the undersigned counsel to represent it in this matter and is obligated to pay said counsel a reasonable fee for such representation.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT
PURSUANT TO 15 U.S.C. § 1114**

33. Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

34. This is an action for trademark counterfeiting and infringement against Defendants based on their importation or manufacture, promotion, advertisement, distribution, sale and/or offering for sale of the Counterfeit Goods bearing the Chanel Marks.

35. Specifically, Defendants, upon information and belief, are importing or manufacturing, promoting and otherwise advertising, selling, offering for sale and distributing at

least counterfeit and infringing handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses bearing the Chanel Marks. Defendants are continuously infringing and inducing others to infringe the Chanel Marks by using them to advertise, promote and sell counterfeit handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses.

36. Defendants' activities are without the consent of Chanel and are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Chanel Marks.

37. Defendants' unlawful actions have caused and are continuing to cause unquantifiable damages to Chanel.

38. Defendants' above-described illegal actions constitute counterfeiting and infringement of the Chanel Marks in violation of Chanel's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

39. Chanel has suffered and will continue to suffer irreparable injury due to the above described activities of Defendants if Defendants are not preliminarily and permanently enjoined.

### COUNT II - FALSE DESIGNATION OF ORIGIN
### PURSUANT TO 15 U.S.C. § 1125(a)

40. Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

41. Defendants' Counterfeit Goods bearing the Chanel Marks have been widely advertised and distributed throughout the United States.

42. Defendants' Counterfeit Goods bearing the Chanel Marks are virtually identical in appearance to each of Chanel's respective genuine goods. However, the Counterfeit Goods are

different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of the Counterfeit Goods.

43. Defendants, upon information and belief, have used in connection with their sale of Counterfeit Goods, false designations of origins and false descriptions and representations, including words or other symbols and trade dress which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with possible knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Chanel.

44. Specifically, Defendants, upon information and belief, have authorized an infringing use of the Chanel Marks, in Defendants' advertisement and promotion of their counterfeit and infringing handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses. Defendants, upon information and belief, have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing products.

45. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

46. Chanel has sustained injury and damage caused by Defendants' conduct, and absent an entry of an injunction by this Court, Chanel will continue to suffer irreparable injury to its goodwill and business reputation as well as monetary damages.

## COUNT III - TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(c)

47. Chanel readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

48. The Chanel Marks are famous marks within the meaning of 15 U.S.C. §1125(c). The Chanel Marks are advertised and used extensively throughout the United States and the remainder of the world and are highly recognizable by the trade and the consuming public. Further, Chanel actively polices the use of the Chanel Marks by third parties.

49. Defendants are engaged in a commercial use of the Chanel Marks in commerce.

50. Defendants' above-described counterfeiting activities are disparaging, damaging and lessening the distinctiveness of the Chanel Marks through, at least, blurring and tarnishment of said Marks. Indeed, Defendants are publishing materials in their advertising which disparage Chanel's products by, at least, creating an unfair comparison between Chanel's genuine goods and Defendants' Counterfeit Goods.

51. Defendants' actions described herein may have been engaged in intentionally or with a reckless disregard for or willful blindness to Chanel's rights for the purpose of trading on Chanel's reputation and diluting the Chanel Marks.

52. As a result of the above described diluting and disparaging activities of Defendants, Chanel has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

### COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

53. Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

54. This is an action for common law trademark infringement against Defendants based on their manufacture, promotion, advertisement, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of Chanel's common law trademark rights.

55. Specifically, Defendants, upon information and belief, are importing or manufacturing, promoting and otherwise advertising, selling, offering for sale, and distributing infringing handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses bearing marks substantially similar to and indistinguishable from the Chanel Marks.

56. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

57. Chanel is without adequate remedy at law.

58. As a result of the above described trademark infringement activities of Defendants, Chanel has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

### COUNT V - COMMON LAW UNFAIR COMPETITION

59. Chanel hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

60. This is an action for common law unfair competition against Defendants based on their unauthorized manufacture, promotion, advertisement, distribution, sale and/or offering for sale of goods bearing marks which are virtually identical, both visually and phonetically, to the Chanel Marks in violation of New York's common law of unfair competition.

61. Specifically, Defendants are unlawfully importing or manufacturing, promoting and otherwise advertising, selling, offering for sale and distributing infringing and counterfeit handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses bearing the Chanel Marks.

62. Defendants' wrongful acts of unauthorized use of the Chanel Marks, in attempting to pass off their products as if they are Chanel products in a manner calculated to deceive members of the trade and the general public, are likely to cause and are actually causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' products by their use of the Chanel Marks.

63. The natural, probable, and foreseeable consequences of Defendants' wrongful conduct has been and will continue to be the deprivation of the exclusive rights Chanel has in and to its intellectual property.

64. Defendants' wrongful acts of unauthorized use of the Chanel Marks have and will continue to cause Chanel substantial injury including loss of customers, dilution of its reputation, dilution of its goodwill, confusion of existing and potential customers, loss of its reputation, and diminution of the value of its intellectual property. The harm these wrongful acts cause to Chanel is both imminent and irreparable, and the amount of damage sustained by Chanel will grow even more difficult to ascertain if these acts continue.

65. As a result of the above described wrongful activities of unfair competition by Defendants, Chanel has suffered, and will continue to suffer, irreparable injury and substantial damages, and Defendants have been unjustly enriched.

## PRAYER FOR RELIEF

**WHEREFORE**, Chanel demands judgment jointly and severally against Defendants as follows:

   a. That the Court enter a preliminary and permanent injunction enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith: (i) from manufacturing or causing to be manufactured, importing,

advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; (ii) from infringing, counterfeiting, or diluting the Chanel Marks; (iii) from using the Chanel Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; (iv) from using any logo, trade name or trademark or trade dress which may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Chanel; (v) from falsely representing themselves as being connected with Chanel, through sponsorship or association, or engaging in any act which is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, or in any way endorsed by, approved by, and/or associated with  Chanel; (vi) from using any reproduction, counterfeit, copy, or colorable imitation of the Chanel Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants, including, without limitation, handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses and/or any other goods; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Chanel, or in any way endorsed by Chanel and from offering such goods in commerce;  (vii) from otherwise unfairly competing with Chanel; (viii) from using or continuing to use the Chanel Marks or trade names or any variation thereof on the Internet (either in the text of the websites, as a key word, search word, metatag, or any part of the description of the site in any submission for registration of any Internet site with a search engine or index) in connection with any goods or services not directly authorized by Chanel; (ix) from hosting or operating any websites that offer for sale any products bearing counterfeits of the Chanel Marks; (x) from using any e-mail addresses to offer for sale any non-genuine products bearing counterfeits of the Chanel Marks; and

14

(xi) from having any connection whatsoever with any websites that offer for sale any merchandise bearing counterfeits of the Chanel Marks.

      b.      That Defendants be required to account to and pay Chanel for all profits and damages resulting from Defendants' infringing and counterfeiting activities and that the award to Chanel be trebled, as provided for under 15 U.S.C. §1117, or, at Chanel's election with respect to Count I, that Chanel be awarded statutory damages from each Defendant in the amount of one million ($1,000,000.00) dollars per each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. §1117(c)(2).

      c.      That Chanel be awarded punitive damages.

      d.      That Chanel be awarded pre-judgment interest on its judgment.

      e.      That Chanel be awarded at least treble damages as well as its costs and reasonable attorneys' fees and investigators fees associated with bringing this action in accordance with 15 U.S.C. § 1117.

   f.  That Chanel be awarded such other and further relief as the Court may deem just and proper.

DATED this __7th__ day of June, 2007.

            Respectfully submitted,

            GIBNEY, ANTHONY & FLAHERTY, LLP

            By: _/s/ John Macaluso_
            John Macaluso
            665 Fifth Avenue
            New York, New York 10022
            Telephone: (212) 688-5151
            Facsimile: (212) 688-8315
            E-mail: jmacaluso@gibney.com

            OF COUNSEL:
            Stephen M. Gaffigan
            STEPHEN GAFFIGAN, P.A.
            312 Southeast 17th Street, 2nd Floor
            Ft. Lauderdale, FL 33316
            Telephone: (954) 767-4819
            Facsimile: (954) 767-4821
            E-mail: stephen@smgpa.net