LA_Answer_Linda_Allen2.doc

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
CHANEL, INC., a New York corporation,

        Plaintiff,

-against-

LINDA ALLEN, et al.,

        Defendants.
-----------------------------------------------------------------x

ECF CASE

07 CV 4858 (NRB)

**ANSWER**

(Jury Demand)

  **Carl E. Person**, appearing on behalf of the Defendant, **Linda Allen** (sued herein as "Linda Allen a/k/a Linda Rooney a/k/a Courtney Allen, d/b/a European Beauty Fashions d/b/a EuropeanBeautyFashions.com d/b/a MyClassyFashion d/b/a MyClassyFashion.com d/b/a UltimateDesignersHandbags.com d/b/a Ultimate Designer Handbags") (hereinafter, "Allen" or the "Defendant"), respectfully alleges as and for the Defendant's **Answer** to the Plaintiff's Complaint:

  1.  DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 1 of the duly Complaint, except that DENIES that venue is proper in this Court under 28 U.S.C. § 1391 or other statute.

  2..  DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 2 of the Complaint.

  3..  ADMITS each of the allegations in the first sentence of ¶ 3 of the Complaint, and DENIES each of the allegations in the second sentence of ¶ 3 of the Complaint, except ADMITS that she has used the names "My Class Fashion." and "MyClassyFashion.com as aliases as part of her business. Defendant, during a one-month period (in April, 2007) sold a total of about $200 of

items possibly covered by Plaintiff's complaint, upon prior customer order, and removed all website references to any such products at the end of April, 2007. Defendant's gross profit was less than $100. This is at best a *de minimis* case.

4.. DENIES each of the allegations in ¶ 4 of the Complaint.

5.. DENIES each of the allegations in ¶ 5 of the Complaint.

6.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 6 of the Complaint.

7.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 7 of the Complaint.

8.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 8 of the Complaint.

9.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 9 of the Complaint.

10.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 10 of the Complaint.

11.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 11 of the Complaint.

12.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 12 of the Complaint.

13.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 13 of the Complaint.

14.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 14 of the Complaint.

15.. DENIES each of the allegations in ¶ 15 of the Complaint.

16.. DENIES each of the allegations in ¶ 16 of the Complaint.

17.. ADMITS each of the allegations in ¶ 17 of the Complaint, except DENIES that any of the Defendant's activities were illegal.

18.. ADMITS each of the allegations in ¶ 18 of the Complaint.

19.. DENIES each of the allegations in ¶ 19 of the Complaint.

20.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 20 of the Complaint.

21.. ADMITS each of the allegations in ¶ 21 of the Complaint.

22.. DENIES each of the allegations in ¶ 22 of the Complaint.

23.. DENIES each of the allegations in ¶ 23 of the Complaint.

24.. DENIES each of the allegations in ¶ 24 of the Complaint.

25.. DENIES each of the allegations in ¶ 25 of the Complaint.

26.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 26 of the Complaint.

27.. DENIES each of the allegations in ¶ 27 of the Complaint.

28.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 28 of the Complaint.

29.. DENIES each of the allegations in ¶ 29 of the Complaint.

30.. DENIES each of the allegations in ¶ 30 of the Complaint.

31.. DENIES each of the allegations in ¶ 31 of the Complaint.

32.. DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 32 of the Complaint.

### Plaintiff's Heading: COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114

33..   Defendant hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

34..   DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 34 of the Complaint, except DENIES that any of the Defendant's alleged activities were illegal.

35..   DENIES each of the allegations in ¶ 35 of the Complaint.

36..   DENIES each of the allegations in ¶ 36 of the Complaint.

37..   DENIES each of the allegations in ¶ 37 of the Complaint.

38..   DENIES each of the allegations in ¶ 38 of the Complaint.

39..   DENIES each of the allegations in ¶ 39 of the Complaint.

### Plaintiff's Heading: COUNT II - FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125(a)

40..   Defendant hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

41..   DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 41 of the Complaint.

42..   DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 42 of the Complaint.

43..   DENIES each of the allegations in ¶ 43 of the Complaint.

44..    DENIES each of the allegations in ¶ 44 of the Complaint.

45..    DENIES each of the allegations in ¶ 45 of the Complaint.

46..    DENIES each of the allegations in ¶ 46 of the Complaint.

### Plaintiff's Heading: COUNT III - TRADEMARK DILUTION PURSUANT TO 15 U.S.C. § 1125(c)

47..    Defendant hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

48..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 48 of the Complaint.

49..    DENIES each of the allegations in ¶ 49 of the Complaint.

50..    DENIES each of the allegations in ¶ 50 of the Complaint.

51..    DENIES each of the allegations in ¶ 51 of the Complaint.

52..    DENIES each of the allegations in ¶ 52 of the Complaint.

### Plaintiff's Heading: COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

53..    Defendant hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

54..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 54 of the Complaint.

55..    DENIES each of the allegations in ¶ 55 of the Complaint.

56..    DENIES each of the allegations in ¶ 56 of the Complaint.

57..    DENIES each of the allegations in ¶ 57 of the Complaint.

58..    DENIES each of the allegations in ¶ 58 of the Complaint.

## Plaintiff's Heading: COUNT V - COMMON LAW UNFAIR COMPETITION

59..    Defendant hereby readopts and realleges the allegations set forth in Paragraphs 1 through 26 above.

60..    DENIES having knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in ¶ 54 of the Complaint.

61..    DENIES each of the allegations in ¶ 61 of the Complaint.

62..    DENIES each of the allegations in ¶ 62 of the Complaint.

63..    DENIES each of the allegations in ¶ 63 of the Complaint.

64..    DENIES each of the allegations in ¶ 64 of the Complaint.

65..    DENIES each of the allegations in ¶ 64 of the Complaint.

## AFFIRMATIVE DEFENSES

### 1st Affirmative Defense

66..    Unconstitutionality of statutory damages of $1,000,000 for each counterfeit Chanel Mark used and product sold, as provided by 15 U.S.C. § 1117(c)(2), to the extent statutory damages exceed three times the amount of defendant's profits or sales derived from illegal use of Plaintiff's marks at issue.  The maximum liability of the Defendant is 3 times $100.

### 2nd Affirmative Defense

67..    Unconstitutionality of statutory attorneys fees to the extent they exceed three times the amount of defendant's profits or sales derived from illegal use of Plaintiff's marks at issue.  The maximum liability of the Defendant for statutory attorneys' fees is 3 times $100.

### 3rd Affirmative Defense

68..    Unconstitutionality of statutory attorneys fees to the extent they are unreasonable in relation to the dollar amount of the Defendant's liability for actual damages.

### 4th Affirmative Defense

69..    Improper venue.

### 5th Affirmative Defense

70..    Failure to state a claim.

### 6th Affirmative Defense

71..    *De minimis* as to Plaintiff's alleged monetary damages.

### 7th Affirmative Defense

72..    Defendant's alleged activities stopped prior to commencement of this lawsuit and website descriptions about which Plaintiff complaints were removed by the Defendant.

### 8th Affirmative Defense

73..    Unclean hands due to bad faith commencement of this *de minimis* (or less) lawsuit.

### Jury Demand

Defendant hereby demands a trial by jury of all issues properly triable to a jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure.

## PRAYER

**WHEREFORE**, the Defendant respectfully requests that the Complaint be dismissed with costs and disbursements and attorneys' fees, and with such other and further relief as this Court may deem just and proper.

Dated:   New York, New York
         July 13, 2007

_____

Carl E. Person  (CP 7637)
Attorney for Defendant, Linda Allen (sued herein
   as "Linda Allen a/k/a Linda Rooney a/k/a
   Courtney Allen, d/b/a European Beauty Fashions
   d/b/a EuropeanBeautyFashions.com d/b/a
   MyClassyFashion d/b/a MyClassyFashion.com
   d/b/a UltimateDesignersHandbags.com
   d/b/a Ultimate Designer Handbags")
325 W. 45th Street - Suite 201
New York, New York 10036-3803
(212) 307-4444

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
                                                                  :
CHANEL, INC., a New York corporation,                             :    ECF CASE
                                                                  :
                                                                  :    07 CV 4858 (NRB)
                                        Plaintiff,                :
                                                                  :    PROOF OF SERVICE
         -against-                                                :
                                                                  :
LINDA ALLEN, et al.,                                              :
                                                                  :
                                                                  :
                                        Defendants.               :
                                                                  :
------------------------------------------------------------------x

I, **Carl E. Person**, an attorney duly authorized to practice in the State of New York, do hereby affirm that the following is true under the penalty of perjury pursuant to CPLR 2106:

I am not a party to this action, am over 18 years of age, and on July 13, 2007, I served a true copy of the foregoing

                                   ANSWER

dated July 13, 2007, on the attorneys for the Plaintiff, by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last-known address of said attorneys, as follows:

    John Macaluso, Esq.
    Gibney, Anthony & Flaherty, LLP
    665 Fifth Avenue
    New York NY  10022

Dated: New York, New York
       July 13, 2007

                                   By _____
                                        Carl E. Person (CP 7637)