THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC.,<br>a New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDA ALLEN a/k/a LINDA ROONEY a/k/a<br>COURTNEY ALLEN d/b/a<br>EUROPEANBEAUTYFASHIONS.COM d/b/a<br>EUROPEAN BEAUTY FASHIONS d/b/a<br>MYCLASSYFASHION.COM d/b/a<br>MY CLASSY FASHION d/b/a<br>ULTIMATEDESIGNERSHANDBAGS.COM<br>d/b/a ULTIMATE DESIGNER HANDBAGS<br>and DOES 1-10,<br><br>Defendants | CASE NO. 07-cv-4858 (NRB)<br><br>**STIPULATED CONSENT**<br>**PARTIAL FINAL JUDGMENT**<br>**AS TO LIABILITY AND**<br>**PERMANENT INJUNCTION**<br><br> |

WHEREAS, this action having been commenced by the Plaintiff, Chanel, Inc. ("Chanel")

against Linda Allen a/k/a Linda Rooney a/k/a Courtney Allen d/b/a European Beauty Fashions

d/b/a EuropeanBeautyFashions.com d/b/a My Classy Fashion d/b/a MyClassyFashion.com d/b/a

UltimateDesignerHandbags.com d/b/a Ultimate Designer Handbags ("Allen"), alleging *inter*

*alia*, trademark counterfeiting, trademark infringement, dilution, and unfair competition, and the

Plaintiff and the Defendant having resolved the Plaintiff's claims as to liability only to each of

their satisfaction;

IT IS STIPULATED, ORDERED, ADJUDGED AND DECREED:

1.    This Court has jurisdiction of the subject matter of all counts of this action and

over the named parties hereto.

2.    Chanel is the owner of the following trademarks (the "Chanel Marks") in

connection with handbags, wallets, watches, necklaces, costume jewelry including earrings, and

sunglasses and other goods:

| Mark | Reg. No. | Date of Registration |
|------|----------|----------------------|
| CHANEL | 0,626,035 | May 1, 1956 |
| CC MONOGRAM | 1,314,511 | January 15, 1985 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CHANEL | 1,510,757 | November 1, 1988 |
| CC MONOGRAM | 1,654,252 | August 20, 1991 |
| CC MONOGRAM | 3,025,936 | December 13, 2005 |
| CHANEL | 0,612,169 | September 13, 1955 |
| CHANEL | 0,902,190 | November 10, 1970 |
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |

which are registered in International Classes 6, 9, 14, 18, and 28 and are used in connection with the manufacture and distribution of, among other things, handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses.

3.    The Defendant and her respective officers, agents, servants, employees, and all persons in active concert and participation with them are hereby permanently restrained and enjoined from intentionally and/or knowingly:

A.  manufacturing or causing to be manufactured, importing, advertising, or
    promoting, distributing, selling or offering to sell counterfeit and
    infringing goods; bearing the Chanel Marks;

B.  using the Chanel Marks in connection with the sale of any unauthorized
    goods;

C.  using any logo, and/or layout which may be calculated to falsely advertise
    the services or products of the Defendant as being sponsored by,
    authorized by, endorsed by, or in any way associated with the Plaintiff;

D   falsely representing herself as being connected with the Plaintiff, through
    sponsorship or association,

E.  engaging in any act which is likely to falsely cause members of the trade
    and/or of the purchasing public to believe any goods or services of the
    Defendant, are i n a ny w ay endorsed b y, a pproved b y, a nd/or a ssociated
    with the Plaintiff;

F.  using any reproduction, counterfeit, copy, or colorable imitation of the
    Chanel Marks in connection with the publicity, promotion, sale, or
    advertising of any goods sold by the Defendant, including, without
    limitation, handbags, wallets, watches, necklaces, costume jewelry
    including earrings, and sunglasses;

G.  affixing, applying, annexing or using in connection with the sale of any
    goods, a false description or representation, including words or other
    symbols tending to falsely describe or represent the Defendant goods as
    being those of the Plaintiff, or in any way endorsed by the Plaintiff,

H   offering such goods in commerce; and from otherwise unfairly competing
    with the Plaintiff.

I.  secreting, destroying, altering, removing, or otherwise dealing with the
    unauthorized products or any books or records which contain any

information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Chanel Marks; and

J.      effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

4.      The Defendant consents to the entry of Final Judgment as to her for liability on all Counts of Chanel's Complaint in this proceeding.

5.      The parties consent to the following briefing schedule regarding the issue of damages:

| | |
|---|---|
| Plaintiff's Memorandum: | 20 days from entry of this Consent Partial Final Judgment |
| Defendant's Response: | 20 days from the date of service of Plaintiff's Memorandum[1] |
| Plaintiff's Reply: | 20 days from the date of service of Defendant's Response |

6.      The briefs shall address (i) Defendant's claim of entitlement to a jury trial on the issue of damages or, if a jury trial for some reason is not allowed under law, a non-jury trial or an evidentiary hearing on the issue of damages; and (ii) the Plaintiff's entitlement to damages pursuant to 15 U.S.C. §1117(c); the amount of damages to be awarded, if any; whether enhanced damages are appropriate based upon the intent of the Defendants; and Plaintiff's entitlement to an award of costs and attorney's fees and the amount thereof.

7.      Any party shall have the right to seek sanctions for contempt, compensatory damages, injunctive relief, attorneys' fees, costs, and other relief deemed proper in the event of a

---

[1] Time computation for Defendant's Response and Plaintiff's Reply will be docketed according to the terms of Rule 6(a), Fed.R.Civ.P

violation or failure to comply with any of the provisions hereof. The prevailing party in any such proceeding shall be entitled to recover its attorney's fees and costs.

SO STIPULATED:

Dated this 14th day of March, 2008.

**Plaintiff:** Chanel, Inc.

> **STEPHEN M. GAFFIGAN, P.A.**
> Counsel for Plaintiff
> 312 S.E. 17th Street, Second Floor
> Ft. Lauderdale, Florida 33316
> Telephone: (954) 767-4819
> Facsimile: (954) 767-4821
> E-mail: Stephen@smgpa.net
>
> By: _Stephen M. Gaffigan_
>        Stephen M. Gaffigan
>        Fla. Bar No. 025844

**Defendant:**    Linda Allen a/k/a Linda
                  Rooney a/k/a Courtney
                  Allen, et al

> **Carl E. Person**
> 325 W. 45th Street -- Suite 201
> New York, New York 10036-3803
> Telephone: (212) 307-4444
>
> By: _Carl E. Person_
>        Carl E. Person   (CP 7637)
>        Counsel for Defendant, Linda Allen a/k/a
>        Linda Rooney a/k/a Courtney Allen

SO ORDERED this _19th_ day of _March_ _____, 2008

_Naomi Reice Buchwald_
NAOMI REICE BUCHWALD
United States District Judge

Stipulated Consent Final Judgment
As to Liability And Permanent Injunction