**GIBNEY, ANTHONY & FLAHERTY, LLP**
JOHN MACALUSO (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile:  (212) 688-8315
E-mail:  JMacaluso@Gibney.com
**And**
**STEPHEN M. GAFFIGAN, P.A.**
STEPHEN M. GAFFIGAN(Admitted Pro Hac Vice)
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: 954-767-4819
Facsimile: 954-767-4821
E-mail: Stephen@smgpa.net
Attorneys for CHANEL, INC., a New York Corporation,

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York corporation, | CASE NO. CV 07-4858 (NRB) |
| Plaintiff, | |
| v. | **DECLARATION OF LYNNETTE OKA IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR DAMAGES** |
| LINDA ALLEN a/k/a LINDA ROONEY a/k/a COURTNEY ALLEN, d/b/a EUROPEAN BEAUTY FASHIONS d/b/a EUROPEANBEAUTYFASHIONS.COM d/b/a MY CLASSY FASHION d/b/a MYCLASSYFASHION.COM d/b/a ULTIMATEDESIGNERSHANDBAGS.COM d/b/a ULTIMATE DESIGNER HANDBAGS and DOES 1-10, | |
| Defendants. | |

I, Lynnette Oka, declare and state as follows:

1.  My name is Lynnette Oka, and I am employed by Chanel, Inc.'s ("Chanel") related company The Chanel Company Limited, Inc. ("TCCL") as Director, Internet Administration and Enforcement.  I have been so employed since 2000.

2. I am over 18 years of age and have personal knowledge of the facts set forth herein.

3. In my capacity as TCCL's Director, Internet Administration and Enforcement, I am responsible, in part, for Chanel's trademark anti-counterfeiting efforts in the United States particularly as they relate to Internet enforcement. As a result, I am fully familiar with most aspects of the manufacture, sale, and distribution of genuine Chanel products including handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses.

4. Prior to filing suit, Chanel received information that the Defendant Linda Allen a/k/a Linda Rooney a/k/a Courtney Allen d/b/a EuropeanBeautyFashions.com d/b/a European Beauty Fashions d/b/a Myclassyfashion.Com d/b/a My Classy Fashion d/b/a Ultimatedesignershandbags.Com d/b/a Ultimate Designer Handbags ("Allen")was selling handbags, wallets, watches, necklaces, costume jewelry including earrings, and sunglasses under the Chanel Marks at issue in this action without Chanel's authorization through several Internet websites EuropeanBeautyFashions.com, UltimateDesignersHandbags.com, and MyClassyFashion.com. True and correct printouts from Allen's websites EuropeanBeautyFashions.com, UltimateDesignersHandbags.com, and MyClassyFashion.com are attached hereto as Composite Exhibits "1," "2," and "3," respectively.

5. In or about December, 2004, as part of its ongoing investigation regarding the sale of counterfeit Chanel products, Chanel retained Skipp Porteous of Sherlock Investigations, Inc. ("Porteous") to investigate Allen's sale of Chanel branded merchandise through her website EuropeanBeautyFashions.com. Porteous purchased a handbag bearing counterfeits of the Chanel Marks from Allen through her website EuropeanBeautyFashions.com and delivered the same to Chanel.

6.  A representative of Chanel, Adrienne Hahn Sisbarro, personally inspected and analyzed the handbag purchased from Allen through her website EuropeanBeautyFashions.com and determined it to be a non-genuine Chanel product. A true and correct photograph of the handbag purchased from Allen through her website EuropeanBeautyFashions.com together with the chain of custody are attached as Composite Exhibit "2" to the Declaration of Porteous.

7.  On January 13, 2005, I sent a cease and desist letter on behalf of Chanel to the Defendant, requesting that Allen, among other things, cease all sales of products bearing counterfeits of the Chanel Marks. True and correct copies of the January 13, 2005 cease and desist letter sent by me on behalf of Chanel are attached hereto as Composite Exhibit "4."

8.  On or about January 16, 2005, in response to my cease and desist letter, I received an electronic mail message from Allen using the electronic mail address "beautyfashions1@yahoo.com." In her initial response, Allen stated she had removed the Chanel items from her website, she had no inventory, and she had received no orders for Chanel branded merchandise. On January 25, 2005, I replied to Allen's response advising her that Chanel had proof of sales of Chanel branded merchandise through her website EuropeanBeautyFashions.com and further advising her the website still contained counterfeit Chanel branded merchandise. On January 26, 2005, Allen again responded to me advising that all Chanel branded merchandise had been fully removed from her website EuropeanBeautyFashions.com. On February 18, 2005, I replied to Allen's second response and informed her that Chanel branded products were still appearing on the EuropeanBeautyFashions.com website and requested that she comply with the all of the requests originally outlined in Chanel's January 13, 2005 cease and desist letter.

9. After my February 18, 2005 Email to Allen, I received no further communications from Allen, and she did not provide me with the information requested. However, after my February 18, 2005 Email, Allen did finally remove all Chanel branded merchandise from her EuropeanBeautyFashions.com website. True and correct copies of the Emails between myself and Allen, dated January 16th, 25th and 26th, 2005 and February 18, 2005 are attached hereto as Composite Exhibit "5."

10. In or about November, 2005, Chanel became aware that Allen was continuing to sell and offer for sale various goods under the Chanel Marks at issue in this action without Chanel's authorization through a new Internet website operating under the domain name UltimateDesignersHandbags.com. A true and correct copy of a printout of Allen's website UltimateDesignersHandbags.com I captured on November 4, 2005 is attached hereto as Composite Exhibit "2." Allen's original domain name, EuropeanBeautyFashions.com began forwarding to UltimateDesignersHandbags.com.

11. In or about November 2005, Chanel retained Robert Holmes of IPCyberCrime.com, LLC f/k/a The Holmes Detective Agency ("Holmes") as a part of its ongoing investigations regarding the sale of counterfeit "replica" Chanel products by the Allen through her website UltimateDesignersHandbags.com. Upon Chanel's instruction, Holmes purchased a handbag from Allen through the website UltimateDesignersHandbags.com. However, Holmes never received the handbag or a refund for his order from Allen.

12. In or about May 2007, Chanel again became aware Allen was continuing to sell and offer for sale various goods under the Chanel Marks at issue in this action without Chanel's authorization through a new Internet website MyClassyFashion.com. A true and correct copy of

4

a printout from Allen's website MyClassyFashion.com which I captured on May 7, 2007 is attached hereto as Composite Exhibit "3."

13.  In or about May, 2007, Chanel again retained Holmes as a part of its ongoing investigations regarding the sale of counterfeit "replica" Chanel products through the website MyClassyFashion.com.  Holmes identified Allen as the owner of the website.  The present lawsuit followed Holmes' identification of Allen.

14.  On December 12, 2007, I accessed Allen's website MyClassyFashion.com in preparation for a Court ordered status conference in this matter set for December 13, 2007.  On December 12, 2007, Allen, through her website MyClassyFashion.com, was still advertising counterfeit Chanel branded sunglasses bearing the Chanel's CC MONOGRAM.  A true and correct copy of the printout from Allen's website MyClassyFashion.com, dated December 12, 2007, reflecting the advertisement of sunglasses bearing the Chanel CC MONOGRAM is attached hereto as Exhibit "4."

15.  The photograph of the Chanel branded sunglasses used by Allen on her MyClassyFashion.com website was cut from a Chanel advertisement which was a mall advertisement used as part of Chanel's 2006 holiday campaign.  A true and correct copy of the actual Chanel advertisement is attached hereto as Exhibit "5."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 9th day of April, 2008.

_____
LYNNETTE OKA