**GIBNEY, ANTHONY & FLAHERTY, LLP**
JOHN MACALUSO (JM 2058)
665 Fifth Avenue
New York, New York 10022
Telephone: (212) 688-5151
Facsimile: (212) 688-8315
E-mail: JMacaluso@Gibney.com
**And**
**STEPHEN M. GAFFIGAN, P.A.**
STEPHEN M. GAFFIGAN(Admitted Pro Hac Vice)
312 S.E. 17th Street, Second Floor
Ft. Lauderdale, Florida 33316
Telephone: 954-767-4819
Facsimile: 954-767-4821
E-mail: Stephen@smgpa.net

Attorneys for CHANEL, INC., a New York Corporation,

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHANEL, INC., a New York corporation, | CASE NO. CV 07-4858 (NRB) |
| Plaintiff, | |
| v. | **DECLARATION OF STEPHEN M. GAFFIGAN IN SUPPORT OF PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF REQUEST FOR DAMAGES** |
| LINDA ALLEN a/k/a LINDA ROONEY a/k/a COURTNEY ALLEN, d/b/a EUROPEAN BEAUTY FASHIONS d/b/a EUROPEANBEAUTYFASHIONS.COM d/b/a MY CLASSY FASHION d/b/a MYCLASSYFASHION.COM d/b/a ULTIMATEDESIGNERSHANDBAGS.COM d/b/a ULTIMATE DESIGNER HANDBAGS and DOES 1-10, | |
| Defendants. | |

I, Stephen M. Gaffigan, declare and state as follows:

1. I am an attorney for the Plaintiff Chanel, Inc. ("Chanel"). I am duly authorized and licensed to practice law before all courts in the State of Florida, the Southern and Middle

District Courts of Florida, the Eastern District of Michigan, the Eleventh Circuit Court of Appeals, and the Federal Circuit Court of Appeals. I am personally knowledgeable of the matters set forth in this Declaration and, if called upon to do so, I could and would competently testify to the facts in support of Plaintiff's Memorandum of Points and Authorities in Support of Damages against Defendant Linda Allen a/k/a Linda Rooney a/k/a Courtney Allen d/b/a European Beauty Fashions d/b/a EuropeanBeautyFashions.com d/b/a My Classy Fashion d/b/a MyClassyFashion.com d/b/a UltimateDesignersHandbags.com d/b/a Ultimate Designer Handbag ("Defendant" or "Allen").

2. I am engaged to coordinate Chanel's nationwide anti-counterfeiting efforts. I have been an attorney practicing in Florida for over 13 years. I have extensive litigation experience.

3. On behalf of Chanel, I began working on the investigation leading up to this action in December 2005.

4. On December 30, 2005, I drafted a cease and desist letter on behalf of Chanel to Allen, which was personally served on Allen January 4, 2006. The letter advised Allen she was violating Chanel's rights and demanded she stop. The letter also requested Allen contact my office and disclose information and records regarding her counterfeiting and infringement of the Chanel Marks. A true and correct copy of my December 30, 2005 cease and desist letter is attached hereto as Exhibit "1."

5. On January 6, 2006, I received a response from Allen. In her response, Allen stated she taken all "traces of Chanel products" off her website. Allen further stated she didn't have a "set" supplier for her counterfeit Chanel products as she purchased her inventory "randomly in New York City, off the streets." Finally, Allen stated she had only sold two pairs

of counterfeit Chanel earrings, which had been returned to her from a customer because they were broken, and offered to send the earrings to Chanel. A true and correct copy of the January 6, 2006 response I received from Allen is attached hereto Composite Exhibit "2."

6. On February 23, 2006, I received a second response from Allen. In her second response Allen reassured Chanel she removed all of the counterfeit Chanel items from her website. Allen also apologized for not having accurate business records and claimed she didn't sell many counterfeit Chanel items. Allen then stated she purchased her counterfeit Chanel items "right on the street" in lower Manhattan and that most of the items were returned to her from customers "due to poor quality." A true and correct copy of the February 23, 2006 response I received from Allen is attached hereto Composite Exhibit "3."

7. On October 5, 2007, Allen provided Chanel a response to Chanel's Request for Production of Documents, which included invoices from her sales of counterfeit Chanel items. True and correct copies of the invoices produced by Allen are attached as Composite Exhibit "C" to Chanel's Memorandum and Points of Authority in Support of Request for Damages.

8. For the Court's convenience, I prepared a comparison summary table with citation to evidence comparing Chanel's trademark Registrations with evidentiary citation demonstrating Defendant's infringement of each Registered Mark. A true and correct copy of the comparison summary table is attached hereto as Exhibit "4."[1]

**RE: REQUEST FOR ATTORNEY FEES**

9. From December, 2005, through the present, the total hours I have billed Chanel are 30 hours at a rate of $350.00. To date, I have been paid fees in the amount of $10,500.00. A true and correct copy of the billing summary outline is attached hereto as Exhibit "5."

---

[1] Regrettably, Plaintiff is unable to submit either color or substantially clearer copies the Defendant's web pages reflecting the Defendant's infringements as the Defendant did not produce such copies in discovery.

3

10. Some hours in this matter were discounted as a professional courtesy.

11. All attorney time incurred in this matter relates to the gathering of investigative information, preparation of documents and pleadings, and other litigation related legal services. I made every reasonable effort to minimize hours spent on the case, and the fee requested is equal to or below the amount spent on similar past cases

12. My billing rate for intellectual property litigation is $350.00 per hour, which I believe, is equal to or less than the prevailing rate for intellectual property attorneys in the Southern District of New York where this action was filed.

**RE: REQUEST FOR COSTS**

13. I am one of the attorneys under whose direction these costs were incurred in the investigation and prosecution of this action.

14. To the best of my knowledge and belief, $75.00 in costs were necessarily incurred by my office in this matter for service of process for the Defendant. A true and correct copy of the process service invoice is attached hereto as Exhibit "6."

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

FURTHER DECLARANT SAYETH NAUGHT.

Dated this 9th day of April 2008.

_____
Stephen M. Gaffigan

# EXHIBIT 1

LAW OFFICES

## STEPHEN M. GAFFIGAN, P.A.

312 Southeast 17th Street
Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821

December 30, 2005

**Via Hand Delivery**

Linda Allen
d/b/a EuropeanBeautyFashions.com,
d/b/a UltimateDesignersHandbags.com
342 Cold Spring Road
Syosset, New York 11791

Re: **Chanel, Inc. v. Linda Allen**

Dear Ms. Allen:

This firm represents Chanel, Inc. ("Chanel"), which is the owner of all rights in and to the following trademarks:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 5, 1985 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 0,902,190 | November 10, 1970 |

(collectively, the "Chanel Marks"). Chanel has expended a great deal of effort, time, and money developing and promoting the Chanel Marks which have come to symbolize high quality products including, but not limited to handbags, wallets, travel bags, luggage, credit card and

Linda Allen
December 30, 2005
Page 2

business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, attache cases, jewelry, and watches.

Recently, it has come to our client's attention that you have been offering products bearing counterfeit Chanel Marks through at least the online operations known as "europeanbeautyfashions.com" and "ultimatedesignershandbags.com."

On behalf of Chanel, we demand the following:

1. That you immediately cease and desist any and all further sales of any products bearing the Chanel Marks;

2. That you immediately and voluntarily surrender for destruction, or other disposition, all products and/or packaging in your possession, custody, or control bearing the Chanel Marks, as well as all advertising and promotional material relating thereto;

3. That you provide an accounting of the number of products bearing the Chanel Marks which you have sold, the price charged per item, and copies of all invoices, purchase orders, and shipping documents relating thereto; and any other documents in your possession relating to your sale of products bearing the Chanel Marks;

4. Your written confirmation that any and all ordering of, sale and distribution of products bearing the Chanel Marks has been discontinued and will not resume at any time in the future; and

5. A list of all suppliers and customers of the products bearing the Chanel Marks offered for sale by you.

We demand all information requested above be provided to us within one week from the date this correspondence is delivered to you. We also request you countersign this correspondence where indicated to reflect your promise to cease and desist all further use of the Chanel Marks. Once we receive all of the requested information, we will be in a position to discuss an amicable settlement of this matter with you.

Failure to respond to this correspondence in the time frame outlined above will result in the attached Complaint for Damages and Injunctive Relief being filed against you in the United States District Court, Eastern District of New York, at which time Chanel will pursue every remedy available to it under the law.

Linda Allen
December 30, 2005
Page 3

      Nothing in this letter shall be construed as a waiver or relinquishment of any rights or remedies of Chanel.

                            Very truly yours,

                            **STEPHEN M. GAFFIGAN, P.A.**

                            By: _____
                               Stephen M. Gaffigan

DMP/me
Enc.

**AGREED TO AND ACCEPTED BY:** LINDA ALLEN, d/b/a
EUROPEANBEAUTYFASHIONS.COM, d/b/a ULTIMATEDESIGNERSHANDBAGS.COM

_____      Dated: _____
Linda Allen

# EXHIBIT 2

Case 1:07-cv-04858-NRB   Document 16-15   Filed 04/09/2008   Page 9 of 20

FROM :                    FAX NO. :5169219391        Jan. 19   04:15PM  P1

LAW OFFICES
## STEPHEN M. GAFFIGAN, P.A.

312 Southeast 17th Street
Second Floor
Ft. Lauderdale, Florida 33316
Telephone: (954) 767-4819
Facsimile: (954) 767-4821

December 30, 2005

**Via Hand Delivery**

Linda Allen
d/b/a EuropeanBeautyFashions.com,
d/b/a UltimateDesignersHandbags.com
342 Cold Spring Road
Syosset, New York 11791

Re: **Chanel, Inc. v. Linda Allen**

Dear Ms. Allen:

This firm represents Chanel, Inc. ("Chanel"), which is the owner of all rights in and to the following trademarks:

| Mark | Reg. No. | Reg. Date |
|---|---|---|
| CC MONOGRAM | 1,734,822 | November 24, 1992 |
| CC MONOGRAM | 1,314,511 | January 5, 1985 |
| CC MONOGRAM | 3,022,708 | December 6, 2005 |
| CC MONOGRAM | 3,025,934 | December 13, 2005 |
| CC MONOGRAM | 1,501,898 | August 30, 1988 |
| CHANEL | 0,626,035 | May 1, 1956 |
| CHANEL | 1,347,677 | July 9, 1985 |
| CHANEL | 1,733,051 | November 17, 1992 |
| CHANEL | 1,571,787 | December 19, 1989 |
| CHANEL | 0,955,074 | March 13, 1973 |
| CHANEL | 0,902,190 | November 10, 1970 |

(collectively the "Chanel Marks"). Chanel has expended a great deal of effort, time, and money developing and promoting the Chanel Marks which have come to symbolize high quality products including, but not limited to handbags, wallets, travel bags, luggage, credit card and

Linda Allen
December 30, 2005
Page 2

business card cases, change purses, tote bags, cosmetic bags, vanity cases sold empty, briefcase type portfolios, attache cases, jewelry, and watches.

Recently, it has come to our client's attention that you have been offering products bearing counterfeit Chanel Marks through at least the online operations known as "europeanbeautyfashions.com" and "ultimatedesignershandbags.com."

On behalf of Chanel, we demand the following:

1. That you immediately cease and desist any and all further sales of any products bearing the Chanel Marks;

2. That you immediately and voluntarily surrender for destruction, or other disposition, all products and/or packaging in your possession, custody, or control bearing the Chanel Marks, as well as all advertising and promotional material relating thereto;

3. That you provide an accounting of the number of products bearing the Chanel Marks which you have sold, the price charged per item, and copies of all invoices, purchase orders, and shipping documents relating thereto; and any other documents in your possession relating to your sale of products bearing the Chanel Marks;

4. Your written confirmation that any and all ordering of, sale and distribution of products bearing the Chanel Marks has been discontinued and will not resume at any time in the future; and

5. A list of all suppliers and customers of the products bearing the Chanel Marks offered for sale by you.

We demand all information requested above be provided to us within one week from the date this correspondence is delivered to you. We also request you countersign this correspondence where indicated to reflect your promise to cease and desist all further use of the Chanel Marks. Once we receive all of the requested information, we will be in a position to discuss an amicable settlement of this matter with you.

Failure to respond to this correspondence in the time frame outlined above will result in the attached Complaint for Damages and Injunctive Relief being filed against you in the United States District Court, Eastern District of New York, at which time Chanel will pursue every remedy available to it under the law.

LAW OFFICES OF STEPHEN M. GAFFIGAN, P.A. • 312 SOUTHEAST 17TH STREET, SECOND FLOOR, FT. LAUDERDALE, FLORIDA 33316. TEL (954) 767-4819

Linda Allen
December 30, 2005
Page 3

    Nothing in this letter shall be construed as a waiver or relinquishment of any rights or remedies of Chanel.

                                Very truly yours,

                                **STEPHEN M. GAFFIGAN, P.A.**

                                By:
                                   Stephen M. Gaffigan

DMP/he
Enc.

**AGREED TO AND ACCEPTED BY: LINDA ALLEN, d/b/a
EUROPEANBEAUTYFASHIONS.COM, d/b/a ULTIMATEDESIGNERSHANDBAGS.COM**

_____    Dated: 1/6/06
Linda Allen

Please be advised that we have taken all traces of Chanel Products off our site. We have no inventory.
We have no supplier as we purchased randomly in New York City, off the street.
We sell two pairs of earrings which were pictured broken we can send them to you. Please let us know.

# EXHIBIT 3

Dear Mr. Gartigan,

Since your last correspondence, which you requested I remove Chanel items from the website, I am writing again to assure you at that time it was done. We have no longer sold Chanel products.

On Feb. 11 we received the order you must have placed. We couldn't figure out how such an order could go thru, so we again reviewed the site, finding no pages. Upon getting your second letter we then called the sitebuilder company. They explained to us that Chanel was off the site from our end but not theirs. Moreover, one could not get onto the pages unless they kept the exact link or page address. They did remove the pages with the items from the site on 2/20/06 giving me a reference number of 3185877.

We are sorry for the inconvenience of not having accurate records, to the best of my ability we didn't sell many items and most were returned due to poor quality.

We purchased them right on the street of lower Manhattan.

We have not sold Chanel since January 2006 at your request and do not intend to sell in the future.

Thank you,

*[signature]*

Linda Allen
2/23/06

# EXHIBIT 4

## Comparison of Chanel's Trademark Registrations with the Defendants' Infringing Goods

| Trademark | Registration Number | Citation to Registered Trademark | Citation to examples of Defendant's Infringements |
|---|---|---|---|
| CHANEL | 0,626,035 | Ex. A – Ex. 1 Page 1-2 | Ex. E – Ex. 1 - Page 1<br>Ex. E – Ex. 2 - Page 1<br>Ex. E – Ex. 3 - Page 1-3 |
| CC MONOGRAM | 1,314,511 | Ex. A – Ex. 1 Page 3-4 | Ex. E – Ex. 2 - Page 1<br>Ex. E – Ex. 3 - Page 2-3 |
| CHANEL | 1,347,677 | Ex. A – Ex. 1 Page 5-6 | Ex. E – Ex. 1 - Page 1<br>Ex. E – Ex. 2 - Page 1<br>Ex. E – Ex. 3 - Page 1-3 |
| CHANEL | 1,733,051 | Ex. A – Ex. 1 Page 7-8 | Ex. E – Ex. 1 - Page 1<br>Ex. E – Ex. 2 - Page 1<br>Ex. E – Ex. 3 - Page 1-3 |
| CC MONOGRAM | 1,734,822 | Ex. A – Ex. 1 Page 9-10 | Ex. E – Ex. 2 - Page 1<br>Ex. E – Ex. 3 - Page 2-3 |
| CC MONOGRAM | 3,025,934 | Ex. A – Ex. 1 Page 11-12 | Ex. E – Ex. 1 - Page 1<br>Ex. E – Ex. 2 - Page 1<br>Ex. E – Ex. 3 - Page 1-3 |
| CC MONOGRAM | 3,022,708 | Ex. A – Ex. 1 Page 13-14 | Ex. E – Ex. 2 - Page 1<br>Ex. E – Ex. 3 - Page 2-3 |
| CHANEL | 1,510,757 | Ex. A – Ex. 1 Page 15-16 | Ex. E – Ex. 3 - Page 4 |
| CC MONOGRAM | 1,654,252 | Ex. A – Ex. 1 Page 17-18 | Ex. E – Ex. 3 - Page 4 |
| CC MONOGRAM | 3,025,936 | Ex. A – Ex. 1 Page 19-20 | Ex. E – Ex. 3 - Page 4 |
| CHANEL | 0,612,169 | Ex. A – Ex. 1 Page 21-22 | Ex. E – Ex. 3 - Page 6 |
| CHANEL | 0,902,190 | Ex. A – Ex. 1 Page 23-24 | Ex. E – Ex. 2 - Page 7<br>Ex. E – Ex. 3 - Page 6-7<br>Ex. E – Ex. 6 - Page 2 |
| CHANEL | 0,955,074 | Ex. A – Ex. 1 Page 25-26 | Ex. E – Ex. 2 - Page 1 |
| CHANEL | 1,571,787 | Ex. A – Ex. 1 Page 27-28 | Ex. E – Ex. 2 - Page 1 |
| CC MONOGRAM | 1,501,898 | Ex. A – Ex. 1 Page 29-30 | Ex. E – Ex. 2 - Page 7<br>Ex. E – Ex. 6 - Page 2<br>Ex. E – Ex. 3 - Page 6-7 |

# EXHIBIT 5

## Exhibit "5" to Declaration of Stephen M. Gaffigan
## Billing Summary

**Chanel v. Allen**
**Case No. 07-cv-4858**

| DATE | DETAIL | APPROXIMATE TIME |
|---|---|---|
| 11/05 | Attend meeting with client re investigation of Defendant | 1.75 |
| 12/05 | Review file; prepare cease and desist letter and draft Complaint; finalize same; | 1.75 |
| 1/06 | Review Defendant's response to 12/05 cease and desist letter, and discuss with client | .50 |
| 2/13/06 | Prepare reply to Defendant's response | .75 |
| 3/06 | Review Defendant's response to 2/13/06 reply, and discuss with client | .50 |
| 06/07 | Review investigative file; update draft Complaint for filing in New York | .75 |
| 7/07 | Review Defendant's Answer, and discuss with client | 1.00 |
| 8/14/07 | Review investigative file; prepare written Rule 26(a) Initial Disclosures; organize documents to be produced in connection with same | 2.50 |
| 8/07 | Preparation of affidavit for pro hac vice admission | .50 |
| 10/5/07 | Prepare joint status report | 1.00 |
| 10/07 | Prepare Request for Production of Documents; Prepare First Set of Interrogatories; Prepare Notice of Taking Deposition; settlement discussions with opposing counsel | 3.75 |
| 12/07 | Travel to New York; prepare for and attend status conference | 3.50 |
| 1/08 | Prepare second joint status report with local counsel | .75 |
| 1/08 | Prepare proposed settlement agreement and supporting papers; prepare correspondence to opposing counsel attaching same for review | 2.50 |
| 3/08 | Prepare draft Stipulated Consent Summary Judgment and Permanent Injunction | 2.25 |
| 4/08 | Review file; confer with client; prepare memo outlining statutory damages; prepare supporting Declarations regarding same | 11.00 |

**TOTAL:**                                                                                   **35.00 hours**

# EXHIBIT 6

Case 1:07-cv-04858-NRB   Document 16-15   Filed 04/09/2008   Page 19 of 20



| | pfiserves.com |
|---|---|
| | 633 Yesler Way |
| | Seattle, WA 98104 |
| | Phone: (800) 232-8854 |
| | Fax: (800) 786-4011 |

# *PFI - Process Servers* - Process Service Invoice    Order# **4825559**

Place or View Orders now at pfiserves.com    Fed Tax ID #91-1153514

**Firm**    ABC Client#    **Caller**
Gaffigan, Stephen M    (PFI)    **DIANA CECIL PAYNE**

**Address**    **Email**
312 SE 17th St, 2nd Floor  Ft Lauderdale FL   33316

**Case**    **Phone**
CHANEL, INC., A NEW YORK CORPORATION v. LINDA ALLEN AKA LINDA ROONEY AKA    954 7674819

**Cause Number**    **Client Reference Number**    **Order Date**
07 CV 4858        Jun 12 2007 10:24AM

**Documents**
SUMMONS AND COMPLAINT FOR DAMAGESAND INJUNCTIVE RELIEF; EXHIBITS; CIVILCOVER SHEET; DISCLOSURE STATEMENT

Servee: LINDA ALLEN
Address: 342 COLD SPRING RD SYOSSET, NY 11791
Served on: LINDA ALLEN NAMED DEFENDANT, A white female approx. 40-45 years of age 5'4"-5'6" in height weighing 140-160 lbs with blonde hair on Jun 27 2007  8:10AM

06/12/07    Work Order Received and Entered

|  |  |
|---|---|
| PFI SERVED | 75.00 |
| Subtotal | 75.00 |
| Sales Tax | |
| Total | 75.00 |
| Prepaid Amt | 0.00 |
| Amount Due | **75.00** |

**Statement Copy**    **Nationwide Process Server to U.S. Dept of Justice and U.S. State Dept.**